The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Where the Bank Commissioner directs bank directors to levy an assessment upon the holders of bank common stock, can the directors levy such assessment without express authority in the bank's articles of incorporation? 2. Can the directors levy such assessment in the absence of a statement of assessability contained on the face of the share certificates? 3. Are the provisions of 18 O.S. 1.125 [18-1.125] (1971), specifying the time from which an assessment under the Business Corporation Act shall be a lien upon assessed shares, applicable to assessments levied under 6 O.S. 220 [6-220](A) (1971), pursuant to direction of the Bank Commissioner? 4. Are shares of bank common stock pledged as security for personal loan to the shareholders subject to the provisions of 6 O.S. 220 [6-220](A) (1971)? Title 6 O.S. 220 [6-220] (1971), provides in pertinent part: "A. Commissioner may direct assessment — Procedure. The Commissioner may direct a bank or trust company to levy an assessment in a designated amount upon the holders of record of common stock to remedy an impairment of capital. Upon receipt of an order to levy an assessment, the directors shall cause to be sent to all holders of common stock, at their addresses on the books of the bank or trust company, a notice of the amount of the assessment and a copy of this subsection. If an assessment is not paid within thirty days after the notice is received, the bank or trust company shall offer the shares of the defaulting stockholders for sale at public auction at a price which shall be not less than the amount of the assessment and the cost of the sale. Any excess shall be paid to the prior owners. Except under circumstances where double liability of shareholders applies as provided in this Code, the method of collection provided herein shall be the sole method of collecting assessments. "B. Limitation of bank operations where capital impaired. Whenever the capital or reserve of any bank shall be impaired, it shall make no new loans or discounts except upon sight bills of exchange drawn against actually existing values." In Martin v. Fielder et al.,161 Okl. 25, 16 P.2d 1076 (1932), the Court held: ". . . when the officers and directors of a state bank discover that their capital has become impaired, it is their duty to call a meeting of the stockholders for the purpose of taking care of the same voluntarily, or calling the same to the attention of the state banking department for their action. . . ." Emphasis added 16 P.2d 1079. Where a bank is directed to levy an assessment upon the holders of common stock to remedy an impairment of capital, pursuant to 6 O.S. 220 [6-220](A) (1971), the directors of the said bank have the duty to levy such assessments. The discharge of such duty does not require express authority in the bank's articles of incorporation, and the directors must levy such assessment irrespective of whether a statement of assessability is contained on the face of the share certificates. The bank directors cause notice of the amount of the assessment and a copy of 220(A) to be sent to all holders of common stock, at their addresses on the books of the bank or trust company. If an assessment is not paid within thirty days after the notice is received, the bank shall offer the shares of the defaulting stockholders for sale at a public auction and at a price which shall not be less than the amount of the assessment and the cost of the sale. Any excess shall be paid to the prior owners. Section 6 O.S. 220 [6-220](A) concludes: ". . . Except under circumstances where double liability of shareholders applies as provided in this Code, the method of collection provided herein shall be the sole method of collecting assessments." Your third question does not contemplate a circumstance under which personal liability of shareholders for deficiencies attach, but inquiries as to whether an assessment levied under 6 O.S. 220 [6-220](A) is subject to the provisions of 18 O.S. 1.125 [18-1.125] (1971), specifying the time from which an assessment under the Business Corporation Act shall be a lien upon assessed shares. That question must be resolved from the controlling provisions of the Banking Code. Where a bank is directed to levy an assessment upon the holders of common stock to remedy an impairment of capital and an assessment is not paid within thirty days after notice is received pursuant thereto, the shares of the defaulting stockholders shall be offered for sale at a public auction. Your fourth question is also answered by 6 O.S. 220 [6-220] (A) which sets forth "the sole method of collecting assessments." Where a shareholder has pledged shares of common stock as security for a personal loan, the secured creditor is confronted with the pertinent provisions of the Banking Code which render all common stock subject to levy of an assessment to remedy an impairment of capital. The bank is required to offer the shares of defaulting stockholders for sale at public auction within thirty days after notice thereof is received irrespective of whatever statutory provisions may address the rights of secured creditors inter se. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. Where the Bank Commissioner directs bank directors to levy an assessment upon the holders of bank common stock pursuant to 6 O.S. 220 [6-220](A) (1971), the duty of the directors to levy such assessments is not controlled by whether or not the share certificates or the articles of incorporation contain a statement of assessability. 2. The provisions of 18 O.S. 1.125 [18-1.125] (1971), specifying the time from which an assessment under the Business Corporation Act shall be a lien upon assessed shares, are applicable to assessments levied pursuant to direction of the Bank Commissioner only to the extent not inconsistent with 6 O.S. 220 [6-220](A) (1971). 3. Shares of bank common stock pledged as security for personal loan to the shareholder are not exempt from the provisions of 6 O.S. 220 [6-220](A) (1971), requiring the bank to offer the shares of defaulting stockholders for sale at public auction within thirty days after notice thereof is received. (John Paul Johnson)